UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| GARY EUGENE BUNCHE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 16-311-DCR |
| ) | |
| V. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Plaintiff Gary Bunche is an inmate confined by the Bureau of Prisons at the Federal Medical Center ("FMC") in Lexington, Kentucky. Proceeding without an attorney, Bunche has filed a Complaint asserting negligence claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. [Record No. 1; as amended at Record No. 8; Record No. 9; Record No. 16] Bunche alleges in his collective submissions that, on July 10, 2013, the medical staff of FMC-Lexington denied him prompt and necessary medical treatment and that they breached the duty of care owed to him pursuant to 18 U.S.C. § 4042(a)(2). On September 15, 2016, the Court granted Bunche *in forma pauperis* status. [Record No. 15]

The Court has conducted a preliminary review of Bunche's Complaint and Amended Complaints because he asserts claims against the United States and because he has been granted pauper status. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.[1]

---

[1] The Court must dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are

-1-

As explained below, the United States will be required to respond to the Bunche's FTCA claims.

## I.

Bunche submitted an FTCA administrative claim on June 22, 2015, in which he alleged that, on July 10, 2013, he notified the FMC-Lexington medical staff that he was experiencing a medical emergency resulting from his recurrent septicemia/cellulitis conditions; that he required immediate medical attention; and that the FMC-Lexington medical staff failed and/or refused to provide him with prompt and necessary medical treatment for his cellulitis condition. Bunche alleges that the delay in, and/or the denial of, medical treatment caused him to suffer life-threatening side effects, severe physical pain and suffering, and extreme emotional anxiety. [Record No. 1-4, p. 6-28] Bunche demanded $45,000,000 in damages as compensation for the alleged delay and/or denial of medical treatment, physical pain and suffering, and emotional distress. [*Id.*, p. 6]

On August 26, 2016, Matthew Mellady, Regional Counsel for the BOP, denied Bunche's FTCA Administrative Tort Claim (No. 2015-04879), finding that that FMC-Lexington officials had properly treated Bunche's medical condition, and had not been negligent in responding to any of his medical needs. [Record No. 1-

---

immune from such relief. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Because Bunche is not represented by an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

5, pp. 1-3] Bunche asked the BOP to reconsider its denial of his claim. [Record No. 1-6] However, on February 18, 2016, the BOP denied Bunche's request, stating that further review of Bunche's medical records confirmed that FMC-Lexington medical staff had not been negligent with respect to Bunche's medical needs and that they had, in fact, promptly responded to and treated his medical needs on July 10, 2013. [Record No. 1-7, pp. 1-2] Bunche filed this action on August 17, 2016.

## II.

The United States is immune from suit except where its sovereign immunity is explicitly waived. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA waives this immunity and allows federal district courts to hear tort actions against the federal government for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Substantively, the FTCA makes the United States liable "to the same extent as a private individual under like circumstances," subject to enumerated exceptions. 28 U.S.C. § 2674; *see Levin v. United States*, 133 S. Ct. 1224, 1228 (2013).

The FTCA is the exclusive remedy for tort actions against the federal government, its agencies, and its employees. *Ascot Dinner Theatre v. Small Business Admin.*, 887 F.2d 1024, 1028 (10th Cir. 1989). Federal prisoners are among the possible plaintiffs in FTCA cases. *United States v. Muniz*, 374 U.S. 150 (1963). *See also*, 28 U.S.C. § 1346(b)(1); *Sosa v. Alvarez-Machain*, 542 U.S. 692,

700 (2004). Importantly, however, an FTCA claim may only be asserted against the United States. *See* 28 U.S.C. § 2674; *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action."); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (same).

Bunche's claim appears to have been timely presented to the BOP and fully exhausted. Further, he appears to have timely filed this action challenging the BOP's denial of his claim within the six-month period allowed by statute, 28 U.S.C. § 2401(b), and properly named the United States as the sole defendant. Therefore, the Court will direct the United States to file a response to Bunche's FTCA claims set forth in his Complaint and Amended Complaints.

## III.

On October 31, 2016, the United States filed a motion [Record No. 18] requesting an extension of time in which to respond to Bunche's Complaint and Amended Complaints because the Attorney General of the United States had not been served with process as required by the Federal Rules of Civil Procedure. On that same date, the Court extended the time within which the United States may respond (i.e., until 30 days after the filing, in the record, of the return of service as to the Attorney General of the United States). On November 16, 2016, Bunche filed a motion asking the Court to order the United States Marshals Service ("USMS") for the Eastern District of Kentucky to serve the United States Attorney General. [Record No. 20]

The Court has granted the United States' motion requesting an extension of time in which to file a response, but even so, it is required to conduct the preliminary review

of Bunche's Complaint and Amended Complaints pursuant to the mandatory screening requirement of 28 U.S.C. § 1915A.  Having now completed the required screening, the Court will direct the United States to file a response to Bunche's FTCA claims.  Further, because Bunche has been granted pauper status, the USMS will be directed to effectuate service of process on Bunche's behalf.  *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

## IV.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. Plaintiff Gary Eugene Bunche's "Motion to Appoint Marshal to Serve Summons and Complaint" [Record No. 20] is **GRANTED**.

2. The Clerk of the Court shall prepare a Service Packet" consisting of the following documents for service of process upon the United States:

   a. a completed summons form;

   b. the Complaint [Record No. 1] and attachments thereto;

   c. The Amended Complaints [Record No. 8; Record No. 9; and Record No. 16] and attachments thereto;

   d. this Order; and

   e. the completed USM Form 285.

3. The Clerk shall deliver the Service Packet to the USMS in Lexington, Kentucky, and note in the docket the date that the Service Packet was delivered.

4. The USMS shall serve the United States by sending a Service Packet by certified or registered mail to:


    a.    the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

    b.    the Office of the Attorney General of the United States in Washington, D.C.; and,

    c.    the Central Office of the Federal Bureau of Prisons in Washington, D.C.

5. Bunche must immediately advise the Court of any change in his mailing address. **Failure to do so may result in the dismissal of this case**.

6. Bunche must communicate with the Court solely through notices or motions filed with the Clerk of the Court. **The Court will disregard correspondence sent directly to the judge's chambers**.

7. With every notice or motion filed with the Court, Bunche must: (a) mail a copy to the defendant (or the defendant's attorney); and (b) at the end of the notice or motion, certify that he has mailed a copy to the defendant (or the defendant's attorney) **and** the date on which this was done. **The Court will disregard any notice or motion which does not include this certification**.

This 22nd day of November, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge