UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GARY EUGENE BUNCHE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-311-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant United States has moved to dismiss Plaintiff Gary Eugene Bunche's Amended Complaint for failure to state a claim or, in the alternative, for summary judgment. [Record No. 76] The Court previously granted summary judgment in favor of the defendant on July 10, 2017. [Record No. 39] However, the United States Court of Appeals for the Sixth Circuit vacated entry of summary judgment regarding Count 1 of the Complaint and remanded the matter for further proceedings on that count. [Record No. 56]

Count 1 asserts a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. [Record No. 8] More specifically, Bunche contends that the federal Bureau of Prisons ("BOP"), breached a statutory duty of care imposed by 18 U.S.C. § 4042(a)(2), resulting in his injury. The matter was referred to United States Magistrate Judge Edward B. Atkins pursuant to 28 U.S.C. § 636(b)(1) to address pretrial matters and prepare a report and recommendation regarding any dispositive motions. Bunche moved to stay all proceedings and extend the time for discovery on July 26, 2019. [Record No. 78] Magistrate Judge Atkins has recommended

that the Court grant the defendant's motion to dismiss for failure to state a claim and deny the motion to stay the proceedings. [Record No. 79]

The Magistrate Judge's August 9, 2019, Recommended Disposition [Record No. 79] clearly articulated that the plaintiff could file objections to his findings within fourteen days of service. [Record No. 79, p. 7] However, Bunche filed untimely objections on September 3, 2019, and failed to explain his tardiness. [Record No. 80] *See* Fed. R. Civ. P. 5(d)(2)(A), 6(d). Regarding this point, the Court notes that a party who fails to raise timely objections generally forfeits the right to appeal the district court's subsequent ruling on the issues analyzed in a magistrate judge's report. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019). Additionally, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Notwithstanding Bunche's failure to file timely objections, the Court has conducted a de novo review of the pending motions and responses. At the outset, the record demonstrates that the Sixth Circuit's June 20, 2018 opinion [Record No. 56] has rendered an analysis under Rule 12(b)(6) of the Federal Rules of Civil Procedure unnecessary.[1] When the Sixth Circuit vacated the germane portion of the July 10, 2017 opinion regarding summary judgment [Record No. 39], it held that the plaintiff had properly framed his first claim under the doctrine of negligence per se. [Record No. 56, pp. 5, 7]

---

[1] Bunche's untimely objections to the Recommended Disposition [Record No. 80] focus entirely on the government's argument regarding its motion to dismiss [Record No. 77-1, pp. 9-14]. But even if the plaintiff had filed timely objections, they would be irrelevant because the matter must be analyzed under Rule 56 at this juncture of the proceedings.

The Sixth Circuit then turned to the question of "whether [Bunche] *has stated a claim* for negligence per se." *Id.* (emphasis added). The court relied on the holding in *Friedman v. United States*, No. 99-1445, 2000 WL 876391, at *1 (6th Cir. June 21, 2000), to evaluate the plaintiff's argument that 18 U.S.C. § 4042(a)(2) provided a statutory standard of care for a negligence per se claim. [Record No. 56, pp. 5-6] The *Friedman* decision recognized that prisoners can bring FTCA claims against the BOP for breach of the § 4042(a) statutory duty to, "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." *Id.* (citing *Friedman*, 2000 WL876391, at *2-3 (quoting § 4042(a)(2))). Then, assessing Bunche's claim in light of the fact that pro se pleadings are liberally construed, the appellate court concluded that Bunche "sufficiently stated a claim that the government breached its duty of care to him under § 4042(a)(2) when he was denied emergency medical treatment for a ten-hour period." *Id.* (citing *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016)).

Although the Sixth Circuit's holdings focused primarily on this Court's ruling on summary judgment [Record No. 39] rather than Rule 12(b)(6) considerations, it unambiguously concluded that Bunche's Amended Complaint [Record Nos. 8 and 16] had sufficiently stated a negligence per se claim. [Record No. 56, pp. 5-7] And inasmuch as this proceeding must be "consistent with [the Sixth Circuit] order," *id.* at p. 9, the Court will not reassess whether Bunche has stated a claim but instead will address the government's alternative request for entry of summary judgment in its favor. [Record No. 76]

The Court's procedural approach is further bolstered by the fact that the United States has submitted and relied upon extrinsic evidence to support its pending motion. [Record Nos. 76-2-4 and 77-1] When a party includes and relies upon matters outside the pleadings to

- 3 -

support a Rule 12(b)(6) motion, it "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Wysocki v. International Business Machine Corp.*, 607 F.3d, 1102, 1104 (6th Cir. 2010). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The United States' motion was filed on May 28, 2019, and it expressly requested summary judgment as an alternative to 12(b)(6) dismissal. [Record No. 76] Bunche had ample notice that the Court would consider summary judgment. Accordingly, a Rule 56 analysis is appropriate.

The Court adopts the Magistrate Judge's Recommended Disposition [Record No. 79] insofar as it recommends granting the United States' motion and denying the plaintiff's motion to stay the proceedings and extend time for discovery [Record No. 78]. The Court declines, however, to adopt the Magistrate Judge's analysis and conclusions concerning dismissal under Rule 12(b)(6).

## I.

### A.

Bunche has suffered from chronic and recurring cellulitis[2] since he was initially incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), the site of the incident underlying this case. [Record No. 8 and 25-1, p. 3 n.4] He began to experience symptoms of a cellulitis flare-up at approximately 8:40 p.m. on July 10, 2013. [Record No. 1-4, p. 14] Bunche contacted an officer around 10:30 p.m., and the officer called

---

[2] Cellulitis is a bacterial skin infection that typically involves redness and swelling of the infected area. The infection most commonly affects the face and legs. *See* Cellulitis: Symptoms and Causes, https://www.mayoclinic.org/diseases-conditions/cellulitis/symptoms-causes/syc-20370762 (last visited on September 10, 2019).

the on-duty nurse to communicate the plaintiff's complaints. [Record No. 8, p. 3] Through the officer, Bunche told the nurse of his history of cellulitis as well as his concern that he was suffering from sepsis due to an infection. *Id.* at pp. 3-4. The nurse did not treat him that night but instead instructed Bunche to report to sick call the following morning. *Id.*

Bunche reported to his prison work detail the next morning at 8:40 a.m., but eventually sought medical assistance at sick call around 9:30 a.m. [Record Nos. 25-2, p. 3 and 25-6, p. 1] He advised BOP personnel that he had vomited the prior night and was experiencing a headache, nausea, and pain in his left foot. [Record No. 25-10, p. 2] BOP staff determined at that time that Bunche should be transferred to the University of Kentucky Medical Center ("UKMC") to "rule out sepsis." *Id.* at p. 3.

Following this transfer, UKMC tests confirmed that Bunche was suffering from cellulitis in his lower left leg but ruled out sepsis. [Record No. 25-12, pp. 10-12] Bunche was also diagnosed with acute kidney injury, but attending doctors noted that the kidney problem was resolved by his July 14, 2013, discharge from the hospital. *Id.* at pp.10-11. Subsequent kidney tests performed in February, April, and May 2016 reveal no kidney damage. [Record No. 25-16, pp. 580-81, 587-90, 592-93]. UKMC doctors prescribed a ten-day course of clindamycin to treat the cellulitis infection at the time of Bunche's July 2013 visit. [Record No. 25-12, p. 10]

**B.**

Bunche commenced this action on August 17, 2016, after exhausting administrative remedies. He alleges, *inter alia*, that the United States, through the BOP, breached its duty of care when a nurse failed to provide him with immediate emergency medical attention and

treatment on the night of July 10, 2013, for conditions related to cellulitis. [Record No. 8] Count 1 of the Complaint contends that the resulting delay of treatment caused:

> instant and relentless anxiety, corroboratively resulting from acknowledgement of the lethality of my medical condition if left untreated; excruciating pain, and impairment of the function, of my left foot and ankle for over ten consecutive hours; an escalation of my pain and the condition, which resulted in me being rushed to the emergency room the following morning; kidney damage which, from information and belief, may be permanent; and a risk of losing my life[.]

*Id.* at p. 5.

The Court previously viewed Count 1 as a medical malpractice claim and dismissed it, along with the Complaint's other two counts, in a July 10, 2017, Memorandum Opinion and Order granting summary judgment in favor of the United States. [Record No. 39] On appeal, however, the Sixth Circuit held that Bunche had appropriately couched Count 1 as a negligence per se claim rather than medical malpractice and determined that summary judgment on that claim was premature without more time for the plaintiff to conduct discovery. [Record No. 56] The appellate court vacated the opinion and order as to Count 1, but affirmed summary judgment for the United States on Counts 2 and 3. *Id.*

Following remand, Magistrate Judge Atkins entered a scheduling order setting March 21, 2019, for the close of discovery. [Record No. 70] The Magistrate Judge later granted the United States' motion to extend the period for discovery to April 25, 2019, in light of the 2018-19 government shutdown. [Record Nos. 72 and 73]

Bunche was released from incarceration on June 11, 2018, prior to the start of the recent discovery period. [Record No. 76-2, pp. 9:25-10:2] He conducted some discovery, serving the defendant with typewritten interrogatories on November 19, 2018. [Record No. 71] The United States responded on December 17, 2018, providing the contact information of the nurse

who declined to treat him on July 10, 2013, the doctor who requested his transfer to UKMC, and five other current or former FMC Lexington employees involved in the internal investigation of the incident. [Record No. 76-3] Bunche made no further efforts to conduct discovery.

The United States conducted discovery during the period set by the Magistrate Judge, obtaining evidence that it has attached to its pending motion. [Record No. 76-1-3] The government also deposed Bunche on April 22, 2019. [Record No. 76-2] Bunche agreed that his left foot and ankle swellings were unrelated to the alleged delay in treatment, stating that they were the product of lymphedema that could be exacerbated by cellulitis flare-ups. *Id.* at pp. 29:23-30:13. He also conceded that "the pain and suffering that [he] went through the night while waiting to get some medical attention and the damage to [his] kidney," were the only injuries caused by the delay. *Id.* at pp. 30:14-31:6.

The United States produced the report of a medical expert, Dr. Brian Ellis, who has reviewed all of Bunche's medical records for the period 2013-2016. [Record No. 76-1, p. 4.] Dr. Ellis recognized that initial UKMC tests after the incident showed "mildly abnormal kidney function," but he noted that this is a common occurrence among patients with infections. He concluded that Bunche's subsequent tests revealed normal kidney function. *Id.* The doctor further determined that "the treatment that [Bunche] received was appropriate in scope and timing. He simply did not have any negative medical effects related to the timing of treatment initiation." *Id.* at p. 5.

## II.

### A.

"Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *McLaughlin v. Fifth Third Bank, Inc.*, 772 F. App'x 300, 302 (6th Cir. 2019) (citing Fed. R. Civ. P. 56(a)). The movant, after "sufficient opportunity for discovery," must "point out" that the nonmoving party has failed to produce evidence to support an essential element of his claims. *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citations omitted)). "Once the movant meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *McLaughlin*, 772 F. App'x at 302 (citing Fed. R. Civ. P. 56(e)). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Otherwise, the moving party is entitled to summary judgment. *Id.* at 257. The Court views all evidence in the light most favorable to the nonmoving party. *McLaughlin*, 772 F. App'x at 302 (citing *Anderson*, 477 U.S. at 252).

Bunche seeks relief under the FTCA. "The FTCA provides a limited sovereign immunity waiver and subject matter jurisdiction for plaintiffs to pursue state law tort claims against the United States." *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012) (citing 28 U.S.C. § 1346(b)(1)). Specifically, the FTCA waives immunity "where state law would impose liability against a private individual." *Id.* (citing *Myers v. United States*, 17 F.3d 890, 894 (6th Cir. 1994)). Tort liability for the federal government is, "determined in accordance

with the law of the state where the event giving rise to liability occurred." *Id.* (quoting Young v. United States, 71 F.3d 1238, 1241 (6th Cir. 1995) (quotations omitted)).

Here, the Sixth Circuit concluded that the plaintiff may proceed with his tort claim against the United States using the doctrine of negligence per se. [Record No. 59, pp. 5-9] Kentucky has codified this common law doctrine in Ky.Rev.Stat. § 446.070. *Young v. Carran*, 289 S.W.3d 586, 588 (Ky. Ct. App. 2008). As codified, "[n]egligence per se is merely a negligence claim with a statutory standard of care substituted for the common law standard of care." *Id.* at 588-89 (internal citations and quotations omitted). Of course, "[a] common law negligence claim requires proof of (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012). A negligence per se claim, therefore, is comprised of the following elements: (i) statutory duty; (ii) breach of the statutory duty; (iii) injury; and (iv) legal causation. *Compare Wright*, 381 S.W.3d at 213, *with* Ky.Rev.Stat. § 446.070 ("A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation. . . ."), *and Young*, 289 S.W.3d at 588-89.

Bunche borrows the language of 18 U.S.C. § 4042(a)(2) for his negligence per se claim, asserting that the BOP breached its statutory duty by failing to "provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States. . . ." [Record No. 8, pp. 2, 8] The Sixth Circuit elaborated on this statutory standard of care in its opinion, indicating that the BOP would breach the duty by failing to provide appropriate medical treatment. [Record No. 56, p. 6 (citing *Friedman*, 2000 WL876391, at *3)] But injury and legal causation remain elements of Bunche's claim and are unaltered by

the doctrine of negligence per se. Therefore, the United States is entitled to summary judgment if it can show that Bunche has failed to offer sufficient evidence to support: (i) the duty owed to him under § 4042(a)(2); (ii) the BOP's breach of that duty; (iii) injury; *or* (iv) the breach's legal causation of the injury.

**B.**

Bunche has offered no substantive evidence to support *any* element of his claim and cannot survive a motion for summary judgment based on the record before the Court. [Record No. 77-1, pp. 11, 13-15] On November 19, 2018, he filed interrogatories, [Record No. 71], and the United States responded on December 17, 2018. [Record No. 76-3]. In its response, the government provided contact information of the nurse who allegedly denied Bunche treatment on July 10, 2013, the doctor who requested his transfer to UKMC on July 11, 2013, and five other current or former FMC Lexington employees who had been involved in the institutional investigation of the incident. But Bunche never arranged to depose these or any other individuals having knowledge of the case or circumstances regarding the plaintiff's existing condition, medical care, or treatment. He has conducted no other discovery, and he failed to respond to the pending motion with evidence rebutting the government's arguments.

The Sixth Circuit's prior opinion emphasized that summary judgment was premature because Bunche had not had adequate time to conduct discovery despite articulating plans that could reveal a quantum of evidence necessary to proceed. [Record No. 56, pp. 7-8] Bunche has now had ample time for discovery but he has failed to produce any evidence to support his claim. He was released from prison on June 11, 2018, before the discovery period began. He conducted some discovery in November 2018 when he served the United States with interrogatories. And the Court extended discovery deadlines in light of the government

shutdown, and ultimately, April 25, 2019, marked the close of discovery. In short, Bunche had seven months to conduct discovery but has produced no evidence to further his cause.

Bunche moved for a stay of all proceedings and an extension of the discovery period on July 26, 2019, [Record No. 78], three months after the close of discovery. He contends that he was unable to comply with the Court's deadlines because he no longer has access to prison resources and did not own a computer until after the deadlines had expired. *Id.* Nevertheless, based on a comparison of Bunche's filings, it appears that he had computer access in November 2018 when he served the United States with typewritten interrogatories. Seven months elapsed between the initial September 20, 2018, scheduling order [Record No. 70] and the close of discovery, but Bunche failed to use this time to seek evidence that could shield his remaining claim from a Rule 56 motion.

## C.

In addition to the foregoing, the United States has produced evidence demonstrating that Bunche cannot prove a prima facie negligence per se claim. Bunche asserts that the ten-hour delay in medical treatment (i.e., the BOP's alleged breach of its 18 U.S.C. § 4042(a)(2) duty) caused him to suffer anxiety, pain, swelling in his left ankle and foot, and potentially permanent kidney damage. But the evidence before the court indicates, at the very least, that he has failed to establish that a breach of the statutory duty caused a compensable injury.[3]

Although Bunche neglected the opportunity to depose witnesses, the United States took Bunche's deposition on April 22, 2019. [Record No. 76-2] Bunche conceded during this

---

[3] The United States' evidence and arguments only concern Bunche's injuries and whether any of them were caused by the ten-hour delay in treatment (i.e., the alleged breach of the statutory duty). The Court therefore considers summary judgment on the grounds that the plaintiff has failed to offer evidence sufficient to support the injury and causation elements of his claim.

deposition that the swelling in his ankle and foot was unrelated to the July 10 incident. He also stated that "the pain and suffering that [he] went through the night while waiting to get some medical attention and the damage to [his] kidney," were the only harms caused by the delay. *Id.* at pp. 30:14-31:6.

Despite the lay opinions offered during Bunche's deposition, medical records and expert testimony establishes that the delay in treatment did not cause any long-term kidney problems. The February, April, and May 2016 medical examinations did not reveal any kidney damage. Further, the United States' expert witness, Dr. Brian Ellis reviewed the plaintiff's relevant medical records and found that Bunche suffered from a "mildly abnormal kidney function lab result" when he was admitted to the hospital on July 11, 2013. [Record No. 76-1, p. 4] However, Dr. Ellis indicated that the abnormal kidney function resulted from the cellulitis infection and was not a problem evident in the plaintiff's later medical records. He concluded, "the treatment that [Bunche] received was appropriate in scope and timing. [Bunche] simply did not have any negative medical effects related to the timing of treatment initiation." *Id.* at p. 5. In summary, the only admissible evidence offered by the parties on this point establishes that Bunche did not suffer any long-term kidney problems and any temporary kidney issues resulted from the infection itself rather than the delayed treatment.

That leaves the ten hours of alleged pain and anxiety as the only potential avenues for relief. However, this portion of the claim similarly cannot survive summary judgment. Under Kentucky tort law, a plaintiff may recover damages for pain and suffering "endured as the direct result of his injuries." *Arnold v. Sauer*, 202 S.W.2d 1001, 1004 (Ky. 1947). Specifically, pain and suffering that "accompan[ies] the injury" is compensable if the plaintiff also recovers for medical expenses incurred by the underlying injury. *Adam v. J.B. Hunt*

*Transport, Inc.*, 130 F.3d 219, 224 (6th Cir. 1997) (citing *McVey v. Berman*, 836 S.W.2d 445, 449 (Ky. Ct. App. 1992)), *abrogated on other grounds by Ortiz v. Jordan*, 562 U.S. 180 (2011). The caselaw does not, however, indicate that a plaintiff can sustain an action in negligence for pain and suffering where he has no compensable claim for an underlying injury. *See Eichstedt v. Best Buy Co., Inc.*, No. 3:12CV–749–S, 2013 WL 1879626, at *3 (W.D. Ky. May 3, 2013) ("The Court notes that damages for pain and suffering are available only to a plaintiff who recovers the medical expenses incurred in treating an injury.") (internal citations and quotations omitted).

The plaintiff's medical records produced by the United States and Dr. Ellis's report indicate that the delay in treatment did not cause any compensable medical injury to Bunche. As a result, his claim for pain and suffering fails because he cannot recover for pain and anxiety where the alleged breach caused no other underlying injury.

**III.**

In summary, the plaintiff has not produced any evidence to support his negligence per se claim and summary judgment is appropriate based on evidence presented by the United States. Bunche was not incarcerated when the seven-month period for discovery commenced. And while he served the United States with interrogatories and received timely responses, he made no further efforts to obtain evidence that might support his claim. Conversely, the United States has produced evidence establishing that Bunche cannot prove the causation and injury elements of a prima facie negligence per se claim. Bunche has not responded to the pending motion for summary judgment and has failed to come forward with "more than a scintilla" of evidence supporting his claim. Therefore, based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 79] is **ADOPTED** to the extent that it recommends granting the defendant's motion [Record No. 76] and denying the plaintiff's Motion for a Stay and Extension of Discovery [Record No. 78].

2. Defendant United States' Motion for Summary Judgment [Record No. 76] is **GRANTED**.

3. Plaintiff Gary Bunche's Motion for a Stay and Extension of Discovery [Record No. 78] is **DENIED**.

4. The Plaintiff's remaining negligence per se claim is **DISMISSED** with prejudice. All claims having been resolved, this action will be **DISMISSED** and **STRICKEN** from the Court's docket. A corresponding Judgment will be entered this date.

Dated: September 10, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky